**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAVID NELSON and JOSEPH ORLANDO, for themselves and on behalf of those similarly situated,

      Plaintiff,

vs.

COLLIER AUTOMOTIVE GROUP, INC., a Florida Profit Corporation, dba COLLIER GOODYEAR CAR CARE CENTER; SOUTHERN FLORIDA CAR CARE INC., a Florida Profit Corporation, dba COLLIER GOODYEAR CAR CARE CENTER, as successor in interest to COLLIER AUTOMOTIVE GROUP, INC.; and ROBERT D. LLEWELLYN JR., Individually

      Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DAVID NELSON ("NELSON), and JOSEPH "JOE" ORLANDO ("ORLANDO") (collectively "PLAINTIFFS"), for themselves and on behalf of those similarly situated, by and through their undersigned counsel, file this Complaint against Defendants, CAG AUTOMOTIVE GROUP, INC., a Florida Profit Corporation, dba COLLIER GOODYEAR CAR CARE CENTER ("CAG"), SOUTHERN FLORIDA CAR CARE INC., dba COLLIER GOODYEAR CAR CARE CENTER, as successor in interest to COLLIER AUTOMOTIVE GROUP, INC ("SFCC"), and ROBERT D. LLEWELLYN, Individually ("LLEWELLYN") (collectively "Defendants"), and state as follows:

1

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district, or, as in the case of CAG, regularly conducted business in this district at all times relevant to the Complaint.

**PARTIES**

1. At all times material to this action, Plaintiff NELSON was a resident of Lee County, Florida.

2. At all times material to this action, Plaintiff ORLANDO was a resident of Collier County, Florida.

3. At all times material to this action, CAG was a Florida Profit Corporation. Further, at all times material hereto, CAG was engaged in business in Florida, with a principal place of business in Collier County, at 6220 Collier Blvd., Naples, FL 34114.

4. At all times material to this action, SFCC was and continuous to be a Florida Profit Corporation.  Further, times material hereto, SFCC has been engaged in business in Florida, with a principal place of business in Collier County, at 6220 Collier Blvd., Naples, FL 34114

5. CAG was/is a Profit Corporation, owned and operated by ROBERT LLEWELLYN, and was engaged in the same business that SFCC currently operates, at the same address as SFCC.

6. Upon information and belief, SFCC uses the same employees that CAG used and experienced no break in operations between closure of CAG and opening of SFCC; the same equipment and methods of production were used by SFCC as were previously used by CAG; and the same services were offered by SFCC that were previously offered by CAG. In addition, information available on the internet shows that CAG and SFCC share a website at www.colliergoodyear.com, and that the two companies also share a telephone number.

7. Based on the foregoing allegations, SFCC is a successor in interest to CAG, and is equally liable to Plaintiffs for the debt of CAG.

8. At all times relevant hereto, CAG was Plaintiffs' "employer" under the FLSA.

9. Based on information and belief, at all times material hereto, ROBERT D. LLEWELLYN was a resident of Collier County, Florida.

10. At all times material hereto, LLEWELLYN owned and operated CAG.

11. At all times material hereto, LLEWELLYN exercised operational control over CAG.

12. At all times material hereto, LLEWELLYN was the CEO of CAG.

13. At all times material hereto, LLEWELLYN regularly held and/or exercised the authority to hire and fire employees of CAG.

14. At all times material hereto, LLEWELLYN regularly held and/or exercised the authority to determine the work schedules for the employees of CAG.

15. At all times material hereto, LLEWELLYN regularly held and/or exercised the

authority control the finances and operations of CAG.

16. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of CAG; (b) determine the work schedules for the employees of CAG; and (c) control the finances and operations of CAG, LLEWELLYN is an employer as defined by 29 U.S.C. 201 *et. seq.*

17. Defendant LLEWELLYN is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of CAG towards Plaintiffs.

18. Plaintiffs, through counsel, sent a demand letter regarding the claims raised in this lawsuit to Defendants LLEWELLYN and CAG in September 2019.

19. After receiving the letter, CAG tried to contact Plaintiffs.

20. In October 2019, Defendant LLEWELLYN attempted to close CAG and numerous other companies owns. However, at the time LLEWELLYN attempted to close CAG, he was aware of Plaintiffs' claims against him and CAG.

21. Upon information and belief, LLEWELLYN attempted to close CAG and transfer it to the successor in interest Defendant, SFCC, in an effort to avoid liability to Plaintiffs and the collective they seek to represent.

22. At all times material to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

23. At all times material to this action, Defendants CAG and LLEWELLYN were Plaintiffs' "employer" within the meaning of the FLSA.

24. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

25. Defendants were and continue to be "employers" within the meaning of FLSA

26. At all times material to this action, CAG was an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

27. At all times material to this action, SFCC was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA

28. Based upon information and belief, the annual gross revenue of CAG was in excess of $500,000.00 per annum in the three years preceding the filing of this complaint.

29. Based upon information and belief, the annual gross revenue of SFCC was in excess of $500,000.00 per annum within the three years preceding the filing of this complaint

30. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cleaning products, vacuums, computers, and telephones which were used directly in furtherance of Defendants' commercial activity.

31. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

32. Starting in December 2012 Defendants CAG and LLEWELLYN hired Plaintiff NELSON to work as full-time non-exempt hourly-paid car detailer for Defendants' car detailing company. Plaintiff Nelson continued to work in that capacity through June 2019.

33. Starting in August 2018 Defendants CAG and LLEWELLYN hired Plaintiff

ORLANDO to work as full-time non-exempt hourly-paid car detailer for Defendants' car repair and detailing company. Plaintiff Orlando continued to work in this capacity through July 2019.

34. Plaintiffs NELSON's and ORLANDO's job duties were to clean vehicles according to company standards or client specifications, which may include performing detail inspections, thoroughly washing, buffing, and waxing exteriors, vacuuming, steaming, and deodorizing interiors, and keeping records related to gas levels and the condition of the vehicle.

35. At various times material hereto, Plaintiffs, worked for Defendants in excess of forty (40) hours within a workweek.

36. From at least December 2012, through July 2019, Defendants failed to compensate Plaintiffs, at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single workweek.

37. Specifically, Plaintiffs were paid only a flag rate, with no premium for their overtime hours.

38. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for all hours that Plaintiffs worked in excess of forty (40) hours per workweek, as required by the FLSA.

39. Upon information and belief, the majority of Plaintiffs' pay and time records, to the extent same were maintained, are in the possession of Defendants.

40. The additional persons who may become Plaintiffs in this action also worked for Defendants as full-time non-exempt car detailers, and were denied proper overtime compensation for overtime hours.

41. Defendants have violated Title 29 U.S.C. §207 from at least December 2012, through July 2019, in that:

    a.    Plaintiffs, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA, due to the policies and practices described above; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

42. Defendants' failure and/or refusal to properly compensate Plaintiffs, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, of the FLSA's mandates and their applicability to Plaintiffs' employment, but chose not to pay them at an overtime rate for their overtime hours.

43. Defendants failed and/or refused to properly disclose or apprise Plaintiffs, and those similarly situated, of their rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

44. Plaintiffs re-allege paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45. From at least December 2012, through July 2019, Plaintiffs, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

Plaintiffs are aware that neither they nor others similarly situated can recover beyond three years before the date of this Complaint, but note that Defendants CAG and LLEWELLYN violated the FLSA throughout their employment.

46.     Plaintiffs' and those similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47.     Defendants CAG and LLEWELLYN failed to properly disclose or apprise Plaintiffs, of Plaintiffs' rights under the FLSA.

48.     Defendants CAG and LLEWELLYN's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

49.     Due to the intentional, willful, and unlawful acts of Defendants CAG and LLEWELLYN, Plaintiffs, and those similarly situated,  suffered, and continue to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

50.     Based upon information and belief, the employees and former employees of Defendants CAG and LLEWELLYN similarly situated to Plaintiffs were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants CAG and LLEWELLYN have failed to properly pay Plaintiffs proper overtime wages for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees

51. Plaintiffs, and those similarly situated, are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

52. Defendant SFCC is liable to Plaintiffs and the members of the collective as a successor in interest to CAG, as it operates the same business in the same location with the same website and the same telephone number. Upon information and belief, there was no break the operations of this business in the switch from CAG to SFCC, and SFCC maintained use of the same personnel who had previously worked for CAG prior to the transfer or sale.

53. In addition, based on the timing of the transfer to SFCC, shortly after LLEWELLYN received the demand letter, it appears that LLEWELLYN and CAG sought to avoid liability for the FLSA violations stated herein through the transfer.

WHEREFORE, Plaintiffs, NELSON and ORLANDO, on behalf of themselves and those similarly situated, request conditional certification; pursuant to Section 216(b) of the FLSA, of a class of car detailers who worked for Defendants in the three years preceding the filing of the complaint and who worked more than forty hours in one or more workweeks without receiving any overtime compensation, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 10th day of December, 2019.

/s/ Angeli Murthy

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268 Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiffs*

Respectfully submitted this 10th day of December, 2019.

/s/ Angeli Murthy

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268 Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiffs*